

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, NY 11201*

January 20, 2026

**BY ECF**
Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Flores-Linares v. Bondi, et al.*, No. 26-cv-00298 (SJB)

Dear Judge Bulsara:

This Office represents Respondents in the above-captioned case in which Petitioner Miguel Antonio Flores-Linares, an alien in removal proceedings, filed a petition for a writ of habeas corpus on January 17, 2026 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 1 (the "Petition"). Respondents write in accordance with Your Honor's Order dated January 18, 2026.

The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights, the Immigration and Nationality Act, 8 U.S.C. § 1158 *et. seq* ("INA"), and the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq* ("APA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention.

Because Petitioner was no longer being detained in this District at the time the Petition was filed, the Court should transfer this action to the District of New Jersey, where he was detained at that time. However, should the Court choose not to transfer this action, Respondents also address the merits of the Petition below, while reserving all rights, including the right to appeal, in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of statements of Your Honor in another action.

**Relevant Facts**

Petitioner entered the United States at an unknown place and time.[1] Decl. of Kareem Johnson, dated January 20, 2026 ("Decl.") ¶ 3. On January 16, 2026, at approximately 1:45 p.m., ICE encountered the Petitioner in Freeport, New York and engaged in a conversation with him, during which Petitioner stated that he was a citizen and national of El Salvador with no legal status in the United States. Decl. ¶ 4. Based on this, a Form I-200 was issued and Petitioner was arrested pursuant to Immigration and Naturalization Act § 235(b)(2)(A), 8 USC § 1225(b)(2)(A). *Id.* Prior to this arrest, there are no records of the Petitioner having previously been arrested by U.S. immigration officials. *Id.* ¶ 5. Petitioner has never been admitted to the United States. *Id.* ¶ 3

[1] According to the Petition, Petitioner has lived in the United States since April 2003.

(Petitioner "entered the United States at an unknown place and time"); *see also* Petition ¶ 4 (Petitioner "has not requested any immigration benefit in the past").

On the same date that he was encountered, Petitioner was transported to ICE's Intake office at Nassau County Correctional Center ("NCCC") at approximately 2:40 p.m. for post-arrest processing and was booked in at NCCC, which is a staging facility that does not accommodate long-term detention beyond 72-hours, later the same day. *Id.* ¶ 6. Also on January 16, 2026, Petitioner was served with a Notice to Appear, placing him in removal proceedings.[2] *Id.*

On January 17, 2026, Petitioner was booked out of NCCC at approximately 6:30 p.m. and transported to Delaney Hall Detention Facility in New Jersey ("Delaney Hall") where he was booked in at approximately 9:15 p.m. *Id.* ¶ 7. As of the filing of this submission, Petitioner remains detained at Delaney Hall. *Id.* ¶ 7.

**Habeas Petition And Procedural History**

Petitioner commenced this action on January 17, 2026 at 9:24 p.m. – i.e., after he had been booked into Delaney Hall. ECF No. 1. He challenges his detention by ICE under § 1225(b)(2)(A) -- which provides for mandatory detention, subject to parole under 8 U.S.C. § 1182(d)(5)(A) -- by contending that "Respondent's longstanding practice has been to apply § 1226(a) to noncitizens like Petitioner". ECF 1 at ¶ 26. Under 8 U.S.C. § 1226(a), detention is discretionary, and aliens may be released on bond if they can show that they are not a flight risk or danger to the community. 8 U.S.C. § 1226(a); 8 C.F.R. §§ 1003.19; 1236.1. The Petition sets forth claims for violations of procedural and substantive due process and of the INA and APA. ECF 1 ¶¶ 36-46. In his prayer for relief, Petitioner, in relevant part, asks that the Court to issue a writ of habeas corpus ordering his immediate release. *Id.* at 16.

On January 18, 2026, Your Honor issued an Order that he not be removed from this District, or the Southern District of New York, absent further order of this Court. *See* ECF Order dated January 18, 2026. As stated above, at the time the January 18 Order was issued, Petitioner was already in New Jersey.[3]

**This Action Should Be Transferred to the District of New Jersey**

An action that challenges the validity of an individual's detention "falls within the 'core' of the writ of habeas corpus and thus must be brought in habeas". *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). In this action, Petitioner challenges the validity of his detention by seeking "release"

---

[2] Pursuant to 8 C.F.R. § 235.6(a)(1)(i), an immigration officer who detains an alien under § 1225 for a proceeding before an immigration judge will refer the alien to the immigration judge using a Notice to Appear.

[3] Your Honor also ordered that Petitioner not be removed from the United States pending the Court's further Order; ICE of course will comply with this Order as well but, even absent such Order, Respondents respectfully note that there is no administratively final order of removal for Petitioner.

and an order declaring that "Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the APA." ECF 1 at 11-12. Therefore, this action "must be brought in habeas", and is subject to the jurisdictional limits applicable to habeas actions. *J.G.G.*, 604 U.S. at 672 (holding that habeas actions must be brought in the district of confinement).

A person who files a habeas petition to challenge her detention must file the petition in the district where she is detained at the time the petition is filed. *Ozturk v. Hyde*, 136 F.4th 382, 390-91 (2d Cir. 2025) (district court properly transferred habeas action to the district in which Ozturk was detained at the time her attorneys filed the petition); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. 2025) (Furman. J.) (holding that the proper venue to file a habeas petition is the district in which the petitioner was detained at the time of filing). If a habeas action is commenced in a district other than the one in which the petitioner was detained at the time the action was commenced, the court in which the action was commenced should transfer the action to the district where the petitioner was detained at the time the action was commenced. *See Ozturk*, 136 F.4th at 340-41 (rejecting challenge to district court's transfer of action to the district where Ozturk was detained at the time the action was commenced). In *Khalil,* 771 F. Supp. 3d at 279, the court transferred that action from the Southern District of New York to the District of New Jersey pursuant to 28 U.S.C. § 1406(a) because Khalil was detained in New Jersey at the time of the filing of that action.

Citing *Khalil,* Your Honor recently transferred a habeas action to the Western District of Louisiana because the petitioner was detained there at the time she commenced that action. *Morales Recinos v. Noem*, 25-cv-7127 (E.D.N.Y.) (January 2, 2026 Electronic Order) (Bulsara, J.) (citing *Khalil*, 771 F. Supp. 3d at 291). And late last month, the Honorable Joanna Seybert *sua sponte* transferred an immigration habeas action to the District of New Jersey because the petitioner was detained in that district at the time that action was commenced. *Quijada Melara v. ICE*, No. 25-cv-7086 (E.D.N.Y.) (Dec. 29, 2025 Electronic Order) (Seybert, J.) (citing *Ozturk*, 136 F.4th at 340 and *United States v. Sternquist*, No. 22-cr-473, 2025 WL 3240234, at *1 (E.D.N.Y. Nov. 20, 2025) (Irizarry, J.)).

When Petitioner commenced this action, he had already been moved out of this District and he was detained at Delaney Hall, which is in the District of New Jersey. Decl. ¶ 7. Petitioner challenges his present physical custody in Delaney Hall, so his challenge to his detention must be brought in the district where he was detained at the time he commenced this action. The Court should therefore transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). *See Ozturk*, 136 F.4th at 340-41; *Khalil,* 771 F. Supp. 3d at 279.

**Discussion Regarding the Merits of the Petition**

Should Your Honor determine that this action should not be transferred to the District of New Jersey, Respondents respectfully submit the following brief response to the Petition in lieu of a formal responsive memorandum, while reserving all rights.

On December 17, 2025, during oral argument in *Manual Armando Tenezaca Pucha v. Genalo*, 25-cv-6905 (SJB), Your Honor discussed cases, like this one, which involve the issue of whether the petitioner was detained by ICE under 8 U.S.C. § 1225, as the government maintained, or 8 U.S.C. § 1226, as the petitioner maintained. Your Honor stated that "[i]t's like 220 judges

against [the government] and some 320 plus published opinions against [the government]". Transcript, at 13-14. Your Honor stated to government counsel that "if you give me an argument that says they are . . . under 1225(a), even though they have been in the United States for years, at some point turns into a frivolous sanctionable argument as far as I am concerned". *Id.* at 14.[4]

While Respondents respectfully disagree with Your Honor's assessment of the § 1225/ § 1226 issue, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, the government hereby relies upon, and incorporates by reference, the legal arguments it presented in *Saamishvili v. Flanagan, et al.*, 25-cv-6178 (E.D.N.Y.) (Cogan, J.)[5] and respectfully submits that the Court can decide this matter without further briefing. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.[6]

---

[4] Respondents respectfully note that, though a minority, a number of district court judges have ruled in the government's favor on this issue. Just last week, a district judge in this Circuit held that a petitioner was being detained pursuant to § 1225, even though ICE had previously released him under § 1226, finding that applicants for admission (i.e., "aliens present in the United States who ha[ve] not been admitted") are "by default, [ ] seeking admission" and thus subject to mandatory detention under § 1225. *Chen v. Almodovar,* 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.). Last month, two other district court judges in this Circuit issued similar decisions. *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.) (detention under 8 U.S.C. § 1225(b)(2)(A) was proper for alien present unlawfully for two decades without having been admitted, and noting that "[t]he fact that more district courts . . . have decided this issue differently from this court is neither binding nor persuasive"), *notice of appeal filed Dec. 16, 2025*; *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), *notice of appeal filed Dec. 16, 2025*; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), *notice of appeal filed Jan. 15, 2026*. Judge Vyskocil expressly rejected the proposition that "if one presidential administration fails to enforce a statute, the next administration cannot enforce it, even though the statute clearly applies, according to its plain terms, and no promises not to enforce it have been made." *Chen*, No. 25-cv-8350, 2025 WL 3484855, at *7; *see also Liang,* 2025 WL 3641512, at *8 (rejecting proposition that "prior Administration's decision to catch and then release Petitioner into the interior under Section 1226 means that the current Administration has 'relinquished the authority[]' . . . to apply Section 1225 according to its plain terms."). Many other district court judges in other circuits have decided the § 1225/ § 1226 issue in favor of the government. *See Saamishvili v. Flanagan, et al.*, 25-cv-6178 (E.D.N.Y.) (Cogan, J.), ECF No. 14, n.7.

[5] Specifically, Respondents respectfully incorporate by reference all arguments raised in the opposition brief in *Saamishvili v. Flanagan, et al.*, 25-cv-6178 (E.D.N.Y.) (Cogan, J.), ECF No. 14, and also respectfully incorporate by reference the statutory and regulatory framework, Part I, in that same document.

[6] The government has appealed to the Second Circuit the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that § 1226(a), not

As to Petitioner's INA and APA claims, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." *See J.G.G.*, 604 U.S. at 672 (cleaned up). The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA or the APA. Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.,* 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.[7]

Accordingly, for the reasons set forth in the government's brief in *Saamishvili*, the government respectfully requests that, should the Court decline to transfer this action to the District of New Jersey, the Court deny this habeas petition.

Thank you for the Court's consideration of this submission.

    Respectfully submitted,

    JOSEPH NOCELLA, JR.
    United States Attorney

By:    */s/ Marika M. Lyons*
    MARIKA M. LYONS
    Assistant United States Attorney
    (718) 254-6484

cc: All Counsel of Record (by ECF)

---

§ 1225(b)(2)(A), applied), *notice of appeal filed* Dec. 11, 2025*,* No. 25-3141 (2d Cir.). The government filed its opening brief with the Second Circuit on January 16, 2025; the government has also filed a motion to expedite the appeal, which the appellee has opposed, and which remains *sub* judice as of the filing of this submission.

[7] To the extent that the Court permits an APA and/or INA claim, which it should not, Respondents respectfully requests the full 60 days normally provided under Fed. R. Civ. P. 12(a)(2) to respond to the claim(s).