

# Jadeja-Cimone Law, PC

January 20, 2026

**BY ECF**
Honorable Sanket J. Bulsara
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Flores-Linares v. Bondi, et al.*, No. 26-cv-00298 (SJB)

Dear Judge Bulsara:

Petitioner submits the instant letter in response to the Court's orders regarding Petitioner's location on January 17, 2026. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on January 16, 2026. He called undersigned counsel's office from the Nassau County Correctional Facility late that afternoon, and advised that he was detained at the Nassau County Correctional Facility. Undersigned counsel filed this petition the next day, Saturday January 17, 2026, at 9:24 PM. At the time of filing, undersigned counsel attempted to confirm Petitioner's location in detainee locator, but Petitioner was not in detainee locator – his information had not yet been entered into the system. Detainee locator stated that "zero matching records" were found for Petitioner. In undersigned counsel's experience, particularly in the past few weeks, it often takes several days, if not over a week, for a detainee to be logged into detainee locator.[1]

As undersigned counsel had no way to contact Petitioner on a Friday night or Saturday, there was no additional way to determine Petitioner's location. After filing the instant petition, undersigned counsel did not check detainee locator until today, January 20, 2026, at which time Petitioner appears to be in Delaney Hall. Undersigned counsel is not aware of when exactly

---

[1] At the time that Petitioner was detained, he was presumably issued an Alien Number ("A Number") by ICE, but Petitioner did not know what his A number was. Undersigned counsel attempted to locate him in detainee locator, found at https://locator.ice.gov/odls/#/search, through the search that requires a name, date of birth, and country of origin for those who do not know their A number. Undersigned counsel confirmed at the time of filing that he did not appear in detainee locator with his name, date of birth, and country of origin. Undersigned counsel attempted different variations of Petitioner's last name, including "Flores Linares," "Flores" and "Linares" to no avail. He is now logged in detainee locator under "Flores Linares."


# Jadeja-Cimone Law, PC

detainee locator was updated in the instant matter, but it was not until after the filing of the instant petition.

The government states that Petitioner was booked into Delaney Hall in New Jersey at "*approximately* 9:15 PM." Petitioner's habeas petition was filed with this Court at 9:24, a difference of 9 minutes. The government's *approximation* of the time could easily be off by 9 minutes. Furthermore, government records regarding alien detainees' locations are notoriously unreliable. A Judge in this Court recently found that USCIS "filed sworn evidence from a supervisory officer containing rank hearsay and demonstrably false statements" which were "demonstrably false" and "preposterous" relating to the timing of transfers. See *Clarke v. Nassau County Correctional Center et al*, 2:25-cv-06773-GRB at *, *9-10 (E.D.N.Y. Dec. 18, 2025 (Brown, G.).

Additionally, it takes more than nine minutes to upload the case initiating documents on Pacer and pay the filing fee, meaning that undersigned counsel had already started to file this case when Petitioner was allegedly approximately booked into Delaney Hall. It is undisputed that Petitioner was detained at Nassau County Correctional Facility from January 16-17. While the exact time that he was booked into Delaney Hall is unknown due to the Respondents' records containing an "approximation" of the time and being notoriously unreliable, jurisdiction should rest with this Court.

A transfer of this matter would result in undue delay which would severely prejudice the Petitioner, whose detention is unjustified, and whose constitutional rights continue to be violated every day he is detained. Given the unreliability of the government's records regarding the timing of transfers, the approximation of the time, the difference of a mere 9 minutes between the time of filing and the alleged approximate time of booking in New Jersey, and the fact that Petitioner's counsel had no way of determining where he was at exactly 9:24 PM on Saturday night, Petitioner submits that this Court should rule in the instant matter.

# Jadeja-Cimone Law, PC

Respectfully submitted,

By:     */s/ Carolyn M. Corrado*

Carolyn M. Corrado, Esq.

Counsel for Petitioner

(516) 414-0080

ccorrado@jadejacimone.com

cc: All Counsel of Record (by ECF)