

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, NY 11201*

**BY ECF**

January 21, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Flores-Linares v. Bondi, et al.*, No. 26-cv-00298 (SJB)

Dear Judge Bulsara:

    This Office represents Respondents in the above-captioned case in which Petitioner Miguel Antonio Flores-Linares, an alien in removal proceedings, filed a petition for a writ of habeas corpus on January 17, 2026 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 1. Respondents write in response Your Honor's Order dated January 20, 2026 (the "January 20 Order"), directing them to file a letter "that indicates when the website [the publicly available Online Detainee Locator System ("ODLS")] would have been updated to reflect Petitioner's location in New Jersey."[1]

    After additional inquiry, as of the time of this filing, Respondents continue to be unable to ascertain the date and time that the information related to Petitioner's New Jersey location became available on the ODLS. However, Respondents respectfully submit that, even if the ODLS did not reflect Petitioner's detention in New Jersey at the time the Petition was filed, that would not change the analysis that this action should be transferred to the District of New Jersey. Both *Ozturk v. Hyde*, 136 F.4th 382, 390-91 (2d Cir. 2025) and *Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. 2025) (Furman. J.), cited in the government's letter response to the Petition (ECF No. 5), demonstrate that this case should be transferred to New Jersey, where Petitioner was detained at the time the Petition was filed, regardless of whether ODLS showed Petitioner's location of confinement.

    In *Ozturk*, the Second Circuit held that a habeas case was properly transferred to the District of Vermont where the petitioner was in transit to an ICE facility in Vermont at the time the petition was filed, even though the petitioner's attorney was, at the time of filing, unaware of the petitioner's location: "'the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.' At the time the petition was filed, that 'one district' was the District of Vermont, where Öztürk was in transit to an ICE facility for the night." *Ozturk*, 136 F.4th at 391 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here too, this case should be transferred because the "one district" that has jurisdiction is the District of New Jersey.

---

[1] By Order issued earlier today, Your Honor granted Respondents' request to extend their time to respond to the January 20 Order to 6 p.m.

In *Khalil*, ICE's detainee locator website did not reflect the petitioner's transfer from New York to New Jersey at the time the petition was filed. 771 F. Supp. 3d at 276. Nonetheless, the court found that pursuant to the "district-of-confinement" rule set forth in *Padilla*, the case should be transferred to New Jersey, because that was the location where the petitioner was physically located when the petition was filed. *Id.* at 278. The court rejected the petitioner's argument, relying on Justice Kennedy's concurrence in *Padilla*, that an exception to the district-of-confinement rule exists when "the Government was not forthcoming with respect to the identity of the custodian and the place of detention" (*Khalil,* 771 F.Supp. 3d at 285 (citing *Padilla*, 542 U.S. at 454)), finding that the concurrence "cannot be construed as 'the holding of the Court,'" and that, in any event, "Khalil does not allege any facts giving rise to the plausible inference that the Government's 'purpose' in moving him to New Jersey was 'to make it difficult for his lawyer to know where the habeas petition should be filed.'" *Khalil*, 771 F. Supp. 3d at 283.

Also instructive is *Mbabid v. Baker*, 25-cv-3505, 2025 WL 3211024 (D. Md. Nov. 18, 2025). *Mbabid* rejected the petitioner's argument that "his petition may nonetheless be heard in this district because, at the time the petition was filed, his location was 'unknown' to his habeas counsel because, *inter alia*, ICE's online detainee locator did not reflect his custody location." *Id.* at *1. *Mbabid* noted that the petitioner was in transit at the time the petition was filed and that ICE has "a practice or policy of avoiding real-time public disclosure of a detainee's whereabouts while in transit, for security reasons." *Id.* at *3. And *Mbabid* noted that ICE had a legitimate reason for transferring the petitioner, *i.e.*, that ICE had limited space for detainees in the area in which he was initially detained. *Id.* Here too, ICE transferred Petitioner for a legitimate reason. Aas stated in the declaration filed with Respondent's response to the Petition (ECF No. 5-1) Petitioner was transferred because Nassau County Correctional Center, where Petitioner was originally detained, "is a staging facility that does not accommodate long-term detention beyond 72-hours." ECF No. 5-1 ¶ 6. Notably Petitioner does not allege that ICE transferred him in an attempt to make it difficult for Petitioner's counsel to determine the proper forum for filing this action. *See also Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1105–10 (E.D. Cal. 2025).

Thank you for the Court's attention to this submission.

    Respectfully submitted,

    JOSEPH NOCELLA, JR.
    United States Attorney

By:    */s/ Marika M. Lyons*
    MARIKA M. LYONS
    Assistant United States Attorney
    (718) 254-6484

cc: All Counsel of Record (by ECF)